SCOTT M. LOWRY, ESQ. (CA Bar No. 244,504)
E-Mail: Scott@LawLB.com
LOWRY BLIXSETH APC
30423 Canwood St., Ste. 215
Agoura Hills, California 91301
Telephone: 818-584-6460
Facsimile: 818-574-6026

JOHN W. MCILVAINE (*admitted pro hac vice*)
jmcilvaine@webblaw.com
ANTHONY W. BROOKS (*admitted pro hac vice*)
abrooks@webblaw.com
THE WEBB LAW FIRM
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone; 412-471-8815
Facsimile: 412-471-4094

*Attorneys for i4F Licensing N.V.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| I4F LICENSING N.V., <br><br> Plaintiff, <br><br> v. <br><br> CHANGZHOU SUBILI NEW MATERIALS CO. LTD. (常州苏必利新材料有限公司); ZHEJIANG ECO NEW MATERIAL CO. LTD. (浙江奕科新材料股份有限公司); and ARTISAN FLOORS CORPORATION, <br><br> Defendants. | CASE NO. 2:26-CV-04985-FLA-BFM <br><br><br> **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** <br><br> **JURY TRIAL DEMANDED** |

1

## COMPLAINT FOR DAMAGES

Plaintiff I4F Licensing N.V. ("i4F"), through its counsel, hereby alleges the following for its Complaint against Defendants Changzhou Subili New Materials Co. Ltd. (常州苏必利新材料有限公司), Zhejiang Eco New Material Co. Ltd. (浙江奕科新材料股份有限公司); and Artisan Floors Corporation:

## PATENTS-IN-SUIT

1.  This is a civil action for the infringement of United States Patent No. 11,091,918, entitled "Covering Panel and Process of Producing Covering Panels" ("the '918 Patent"), United States Patent No. 11,794,396, entitled "Method of Producing a Glueless Dustless Composite Flooring Material System" ("the '396 Patent"), and United States Patent No. 12,427,753, entitled "Glueless Dustless Composite Flooring Material System." ("the '753 Patent", collectively, with the '918 and '396 Patents, the "Asserted Patents").

## PARTIES

2.  Plaintiff i4F is a Belgian company having a principal place of business at Industriedijk 19, 2300 Turnhout, Belgium.

3.  Upon information and belief, Changzhou Subili New Materials Co. Ltd. (常州苏必利新材料有限公司) ("Subili") is an entity organized under the laws of the People's Republic of China.

4.  Upon information and belief, Defendant Zhejiang Eco New Material Co. Ltd. (浙江奕科新材料股份有限公司) ("Zhejiang", collectively, with Defendant Subili, the "Chinese Defendants") is an entity organized under the laws of the People's Republic of China.

5.  Upon information and belief, Defendant Artisan Floors Corporation ("Artisan", collectively, with the Chinese Defendants, "Defendants"), is a California corporation with a principal place of business at 1903 Durfee Avenue, Building 2, South El Monte, CA 91733.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367.

8.      This Court has personal jurisdiction over Defendants because Defendants have committed, and continue to commit, acts of infringement in this district, as explained in further detail below.

9.      Alternatively, this Court has personal jurisdiction over the Chinese Defendants under Fed. R. Civ. P. 4(k)(2) for at least the reasons that they have committed acts of infringement in the United States, are not subject to the jurisdiction in any state's courts of general jurisdiction and have purposefully directed their infringing activity at United States residents.

10.     Venue is proper under 28 U.S.C. §§ 1391 and 1400(b) because Defendant Artisan resides in this District, has a regular and established place of business in this District and has caused acts of infringement in this District by way of its importation, use, sale and offer for sale of the Accused Products, defined below, in this District, and the Chinese Defendants are foreign corporations subject to personal jurisdiction in this District due to their acts of infringement by way of their sale, offer for sale and importation of the Accused Products in this District.

11.     In particular, and upon information and belief, Defendants have imported, sold, or offered to sell, and continue to import, sell or offer to sell stone plastic composite (SPC) floor panels or tiles utilizing the Lox locking system, marketed and licensed by i4F's competitor Vilox AB, (the "Accused Products") in the United States.

## PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271

12.     i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

13.     i4F is a research and development company focused primarily on the flooring industry. i4F's patent portfolio includes patents for flooring installation and wall mounting systems, material compositions, surface treatment as well as board production, outdoor and stair tread technologies. Patents and patent applications for i4F's technologies have been granted and filed, respectively, in many countries worldwide. i4F's technologies and patented inventions are incorporated into the products of over 150 leading flooring manufacturers in the United States and other countries, who are licensed by i4F.  i4F's experienced technical team provides licensees with the technical designs and know-how needed to implement i4F's technologies on their products.  i4F markets its patented locking systems for use on SPC floor panels, among others, as the 3L TripleLock and Click4U locking systems and licenses the same to third parties.

14.     Plaintiff i4F is the owner of a vast patent portfolio, which includes the Asserted Patents.

15.     Plaintiff i4F is the owner by assignment of the Asserted Patents.

16.     The Chinese Defendants are manufacturers of PVC-based flooring materials, including SPC Floor Panels and tiles.

17.     Defendant Subili operates its business under the trade name "Superior Floor":



Ex. A. (https://superiorfloor.cn/).

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

18.    Defendant Zhejiang operates its business under the trade name ECO and operates the website https://www.ecoflooring.com.cn/.

19.    Defendants Subili and Zhejiang utilize the same stylized ECO logo in connection with their flooring products:



Ex. A.



Ex. B (https://www.ecoflooring.com.cn/en/contact).

20.    The Chinese Defendants also share an office address as Subili identifies a "Zhejiang Head Office" with the same address as Zhejiang's contact address:



Ex. C (https://superiorfloor.cn/contact/).

Ex. B.

21.    Moreover, a Zhejiang Eco New Material Co., Ltd business card and product brochure accompanied product samples obtained by Plaintiff from Defendant Subili.

4

22. Upon information and belief, the Chinese Defendants are related as subsidiary-parent or as sister corporations.

23. Upon information and belief, the Chinese Defendants share facilities and employees.

24. Upon information and belief, the Chinese Defendants are under common ownership.

25. Upon information and belief, the same Accused Products are sold and manufactured by both Chinese Defendants.

26. SPC is a material that is a mixture of polyvinyl chloride (PVC) and a stone filler material, usually a stone dust or stone powder material, such as calcium carbonate or chalk.

27. The Accused Products are SPC floor panels and tiles that include an SPC substrate or core with a top layer applied to the top of the core.

28. Defendant Subili offers the Accused Products for sale in the United States, has sold them in the United States, and has imported them into the U.S.:



Ex. A.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

29.    Defendant Subili also offers the Accused Products for sale in the United States through the "Made-in-China" sales platform and Alibaba as shown below:



Ex. D. (https://superiorfloor.en.made-in-china.com/product/UQGYZwoJCchO/China-100-Free-of-Lead-Benzene-Spc-Luxury-Vinyl-Flooring-Spc-PVC-Floor-Tiles-Spc-PVC-Vinyl-Plastic-Floor-for-Terrace-Boards-Home-School.html).

30.    Defendant Zhejiang also sells and imports the Accused Products into the United States.

31.    The Accused Products sold by Defendant and imported into the United States include an SPC core layer comprising PVC and calcium carbonate, a PVC decorative film layer, a PVC wear layer, a UV cured coating and a click lock system:

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT



Ex. D.



Ex. E. (https://www.ecoflooring.com.cn/en/product/spc-155.html).

32.    Upon information and belief, to manufacture SPC floor panels and, thus, the Accused Products, the Chinese Defendants mix PVC resin with calcium carbonate

7

in amount of 15-75 wt. %, and more specifically in amounts between 20% and 35% PVC and 63% and 73% calcium carbonate by weight, with at least one plasticizer, including Bis(2-ethylhexyl) terephthalate or DOTP (Dioctyl terephthalate).

33. The Chinese Defendants extrude the resulting mixture to obtain a substrate or SPC core layer, mold the mixture to the desired shape of the core/substrate, and lamintate the substrate to the top layer through a hot-melt overlaying process without glue:



Ex. D

34. Upon information and belief, the substrate is attached to the top layer at a temperature higher than the softening point of PVC but lower than the melting point of PVC.

35. The top layer includes a transparent PVC wear layer, a textured decorative layer below the wear layer, and a UV cured top layer that is waterproof. Exs. D, E.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

36.    The Accused Products are also provided with an underlayment layer on the bottom of the SPC substrate / core.  Exs. D, E.

37.    The resultant Accused Products are waterproof, fireproof, wear resistant and glueless.  *See, e.g.,* Ex. D.

38.    The Asserted Patents cover various aspects of floor panels/tiles, including SPC panels/tiles, and processes of producing the same.

39.    Defendant Artisan has imported, sold and offered to sell the Accused Products in the United States.

40.    At least Defendant Zhejiang has sold the Accused Products to Defendant Artisan in the United States.

41.    Defendants are not licensed or otherwise authorized by i4F to practice the technology of the Asserted Patents.

42.    Defendants' sale, offer for sale, and importation into the United States of the Accused Products infringe at least claims 1 and 8 of the '918 Patent (the "Asserted '918 Claims"), claims 1-4 and 6-11 of the '396 Patent (the "Asserted '396 Claims"), and  claims 1-5, 8-10, 14, 17-19, and 21-24 of the '753 Patent (the "Asserted '753 Claims", collectively, with the Asserted '396 Claims and Asserted '918 Claims, the "Asserted Claims").

43.    On January 25, 2026, Plaintiff sent a demand letter to Defendant Subili identifying its infringement of the Asserted Patents, demanding that Defendant Subili cease and desist from continuing said infringement, among other things.

44.    Defendant Subili did not respond to Plaintiff's demand letter.

45.    Defendant Zhejiang is a licensee of i4F for its 3L TripleLock and Click4U locking systems, but is not licensed to practice the technology of the Asserted Patents.

46.    Upon information and belief, given Zhejiang's prior relationship with i4F, Zhejiang is and has been aware or is willfully blind to the existence and i4F's ownership of the Asserted Patents.

9

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

47. In view of the foregoing, the Chinese Defendants' infringement of the Asserted Patents is willful.

48. Upon service of this Complaint, Defendant Artisan will have notice of the Asserted Patents and any continued infringement of the same will be willful.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,091,918**

49. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

50. Defendants import the Accused Products, manufactured by the processes recited in the Asserted '918 claims, into the United States and offer to sell and sell the same in the United States.

51. The Chinese Defendants practice each and every element of the Asserted '918 Claims.

52. The Accused Products are SPC floor panels or tiles manufactured by the Chinese Defendants. '918 Patent (claims 1, 8); *see also, e.g.,* Exs. D, E.

53. Upon information and belief, the Chinese Defendants manufacture the Accused Products by mixing a synthetic material, namely PVC, with a filler material, namely calcium carbonate, in an amount from 15 to 75 wt % calcium carbonate. The resulting mixture is extruded to obtain an SPC substrate. '918 Patent (claims 1, 8); *see also, e.g.,* Ex. D.

54. Upon information and belief, a top layer is laminated to the substrate, and the substrate is heated to a temperature above the softening point of PVC, but lower than the melting temperature and is annealed. '918 Patent (claims 1, 8); *see also, e.g.,* Ex. D.

55. Defendants' activities using, importing, selling and/or offering to sell the Accused Products in the United States constitutes infringement of the Asserted '918 Claims under 35 U.S.C. § 271(g).

56. Upon information and belief, the Chinese Defendants have urged or encouraged third parties, including distributors and retailers, such as Defendant

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Artisan, to sell, offer to sell, distribute, import and/or use the Accused Products in the United States.

57. The Chinese Defendants' conduct in this regard was done knowing or being willfully blind to the fact that said third parties' conduct infringes the Asserted '918 Claims and, thus, constitutes indirect infringement under 35 U.S.C. § 271(b).

58. The Chinese Defendants' infringement is willful.

59. Upon service of this Complaint, Defendant Artisan's continued infringement will be willful.

60. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '918 Patent unless this Court restrains its infringing conduct. i4F is without an adequate remedy at law.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,794,396

61. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

62. Defendants import the Accused Products into the United States and offer to sell and sell the same in the United States.

63. The Accused Products practice each and every element of the Asserted '396 Claims.

64. The Accused Products are composite flooring material segments including an SPC core or base layer, which is a mixture of PVC and calcium carbonate, and is free of glue, '396 Patent (claim 1):

///

///

11



*See* Ex. D; *see also, e.g.,* Ex. E

65.    Upon information and belief, the SPC core or base layer includes between 20% and 30% polyvinylcholoride and between 63% and 73% calcium carbonate by weight.

66.    The mixture is extruded at an elevated temperature and pressure through an extrusion mold to create an SPC base layer / core, '396 Patent (claim 1):

///

///

///



*See, e.g.,* Ex. D.

67. The Accused Products are provided with a face layer that includes a decorative sublayer and a wearing sublayer fused onto the top face of the decorative sublayer. '396 Patent (claim 1); *see also, e.g.,* Ex. D.

68. Upon information and belief, the face layer is textured. '396 Patent (claim 1); *see also, e.g.,* Ex. D.

69. Upon information and belief, the face layer is fused onto the top face of the SPC base layer by hot-melt overlaying by at least bringing the various layers into contact with one another and simultaneously heating and applying compression to fuse the layers together. '396 Patent (claim 1); *see also, e.g.,* Ex. D.

70. A cured waterproof UV plastic resin coating layer is applied to the face layer and is cured by exposure to UV light. '396 Patent (claim 1); *see also, e.g.,* Ex D.

71. The Accused Products are free of compressed cellulose material. '396 Patent (claim 2); *see also, e.g.,* Ex. D.

72. The SPC base layer is waterproof, the decorative sublayer is a PVC decorative film with a printed and colored design thereon, the wearing layer is a transparent PVC polymer film, and the UV coating layer is transparent. '396 Patent (claims 3, 6-11); *see also, e.g.,* Ex. D.

73. Defendants' activities importing into or using, selling and/or offering to sell the Accused Products in the United States constitutes infringement of the Asserted '396 Claims under 35 U.S.C. § 271(a).

74. Upon information and belief, the Chinese Defendants have urged or encouraged third parties, including distributors and retailers, including Defendant Artisan, to sell, offer to sell, distribute, import and/or use the Accused Products in the United States.

75. The Chinese Defendants' conduct in this regard was done knowing or being willfully blind to the fact that said third parties' conduct infringes the Asserted '396 Claims and, thus, constitutes indirect infringement under 35 U.S.C. § 271(b).

76. The Chinese Defendants infringement is willful.

77. Upon service of this Complaint, Defendant Artisan's continued infringement will be willful.

78. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '396 Patent unless this Court restrains its infringing conduct. i4F is without an adequate remedy at law.

## COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,427,753

79. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

80. Defendants import the Accused Products into the United States and offer to sell and sell the same in the United States.

81. The Accused Products practice each and every element of the Asserted

14

'753 Claims.

82.    The Accused Products include an SPC base layer comprising PVC resin and calcium carbonate mixture.  '753 Patent (claim 1); *see also, e.g.,* Exs. D, E.

83.    Upon information and belief, the SPC base layer includes between 18.13% and 64.71% of PVC and between 32.35% and 72.53% calcium carbonate by weight.  '753 Patent (claim 17).

84.    The Accused Products are provided with face layer that includes a decorative sublayer and a wearing sublayer fused onto the top face of the decorative sublayer.  '753 Patent (claim 1); *see also, e.g.,* Exs. D, E.

85.    Upon information and belief, the wearing sublayer is fused onto the top face of the decorative sublayer by hot-melt overlaying by at least bringing the layers into contact with one another and simultaneously heating and applying compression to fuse the layers together.  '753 Patent (claim 1); *see also, e.g.,* Ex. D.

86.    The face layer is also fused to the top face of the SPC base layer by hot-melt overlaying by at least bringing the base layer and face layer into contact with one another and simultaneously heating and applying compression to fuse the layers together without adhesives.  '753 Patent (claim 1); *see also, e.g.,* Ex. D.

87.    The face layer includes a decorative sublayer which has a printed pattern or image thereon, and is decoratively textured with a texture being at least partially complementary to the pattern or image on the decorative sublayer.  '753 Patent (claims 1, 18); see also, e.g., Exs. D, E.

88.    The Accused Products also have a flooring coating layer comprising a UV-cured resin.  '753 Patent (claim 2); *see also, e.g.,* Exs. D, E.

89.    The Accused Products are also provided with an underlayment layer on the bottom of the SPC base layer / core.  '753 Patent (claim 4); *see also, e.g.,* Exs. D, E.

90.    The SPC base layer and the flooring face layer are waterproof, the decorative sublayer is a colored PVC decorative film with a printed pattern or image

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

thereon, the wearing layer is a transparent PVC polymer film that is wear-resistant, and the UV coating layer is transparent. '753 Patent (claims 3, 5, 8-10, 23-24); *see also, e.g.,* Exs. D, E.

91. The Accused Products are free of compressed cellulose. '753 Patent (claim 14); *see also, e.g.,* Exs. D, E.

92. The UV coating layer is applied as a film. '753 Patent (claim 1); *see also, e.g.,* Exs. D, E.

93. The Accused Products include coupling or installation profiles for installation and locking with adjacent panels / flooring segments. '753 Patent (claims 21-22); *see also, e.g.,* Exs. D, E.

94. Defendants' activities importing into, using, selling and/or offering to sell the Accused Products in the United States constitutes infringement of the Asserted '753 Claims under 35 U.S.C. § 271(a).

95. Upon information and belief, the Chinese Defendants have urged or encouraged third parties, including distributors and retailers, including Defendant Artisan, to sell, offer to sell, distribute, import and/or use the Accused Products in the United States. Ex. A.

96. The Chinese Defendants' conduct in this regard was done knowing or being willfully blind to the fact that said third parties' conduct infringes the Asserted '753 Claims and, thus, constitutes indirect infringement under 35 U.S.C. § 271(b).

97. The Chinese Defendants' infringement is willful.

98. Upon service of this Complaint, Defendant Artisan's continued infringement will be willful.

99. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendants infringement of the '753 Patent unless this Court restrains their infringing conduct. i4F is without an adequate remedy at law.

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

**WHEREFORE**, pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury for all issues triable by a jury, and prays:

A.     that Defendants, their officers, employees, agents, and those persons in active participation with them be permanently enjoined from infringing the Asserted Patents;

B.     that judgment be entered finding that Defendants infringe the Asserted Patents;

C.     that Defendants be ordered to pay damages to i4F pursuant to 35 U.S.C. § 284 in an amount adequate to compensate i4F for the infringement, but not less than a reasonable royalty, including interest from the dates of infringement, resulting from Defendants' infringement of the Asserted Patents;

D.     that Defendants' infringement be deemed willful and, as a result, that Defendants be ordered to pay i4F treble damages pursuant to 35 U.S.C. § 284;

E.     that i4F be awarded its costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285; and

F.     that i4F be awarded such further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: August 10, 2026

/s/ *Anthony W. Brooks*
Anthony W. Brooks, Esq.
John W. McIlvaine, Esq.
The Webb Law Firm
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
Telephone: 412-471-8815
Facsimile: 412-471-4094

Scott M. Lowry, Esq.
Lowry Blixseth APC

30423 Canwood St., Ste. 215
Agoura Hills, California 91301
Telephone: 818-584-6460
Facsimile: 818-574-6026

*Attorneys for i4F Licensing N.V.*

18

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT