UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

I4F LICENSING N.V.,

Plaintiff,

v.

CHANGZHOU SUBILI NEW MATERIALS CO., LTD, et al.,

Defendants.

Case No. 2:26-cv-04985-FLA (BFMx)

**ORDER DENYING SECOND STIPULATION TO EXTEND TIME TO RESPOND TO PLAINTIFF'S FIRST AMENDED COMPLAINT [DKT. 37]**

On August 10, 2026, Plaintiff I4F Licensing N.V. ("Plaintiff") filed the operative First Amended Complaint ("FAC"). Dkt. 30. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendant Artisan Floors Corporation's ("Artisan Floors" or "Defendant") deadline to respond to the FAC was August 24, 2026.

On September 2, 2026, the parties filed a Stipulation to Extend Time to Respond to the First Amended Complaint ("First Stipulation," erroneously identified as a Third Stipulation), requesting the court extend Artisan Floors' deadline to respond to the FAC to September 23, 2026. Dkt. 34. Although the First Stipulation was filed after the expiration of Artisan Floors' deadline to respond to the FAC and untimely, *see* Dkt. 23 (Initial Standing Order) at 17–18, the court exercised its discretion to approve the parties' request and extend Artisan Floors' responsive deadline to September 23, 2026. Dkt. 35.

On September 24, 2026, Plaintiff and Artisan Floors filed the subject Second Stipulation to Extend Time to Respond to the First Amended Complaint ("Second Stipulation," erroneously identified as a Third Stipulation), requesting the court further extend Artisan Floors' deadline to respond to the FAC to October 23, 2026. Dkt. 37. The Parties state "Defendant's counsel has continued evaluating the claims and defenses in this action, including the allegations in the First Amended Complaint, and requires additional time to complete that evaluation and prepare Defendant's response[.]" *Id.* at 2.

To show good cause for a continuance, a party must provide specific, detailed, and non-conclusory reasons for granting the extension, including a showing of diligence in pursuing the litigation. *See* Fed. R. Civ. P. 16(b)(4) (requiring good cause showing); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (noting the standard focuses on a party's diligence and that "the inquiry should end" when diligence is not shown). As stated in the Initial Standing Order, "a request to continue or extend the date of any matter before this court <u>must</u> be supported by a sufficient factual basis that demonstrates good cause why the change in the date is

essential. Without such compelling factual support and a showing of due diligence, requests [for] continuing dates will not be approved." Dkt. 23 at 17 (underline in original). "Counsel shall avoid submitting requests for continuance or extension of time less than five (5) business days prior to the expiration of the scheduled date. A request to continue or extend dates or deadlines that have already expired constitutes a presumptive lack of due diligence." *Id.* at 18 (underline in original).

The parties do not offer any specific facts sufficient to establish good cause for the continuance requested or to demonstrate Artisan Floors reasonably could not have filed its response to the FAC within the time granted. *See* Dkt. 37. The parties' failure to file the Second Stipulation prior to the expiration of the September 23, 2026 deadline constitutes a presumptive lack of due diligence. Dkt. 23 at 18.

Accordingly, the Second Stipulation is DENIED. The court, on its own motion, exercises its discretion to EXTEND Artisan Floors' deadline to respond to the FAC to October 9, 2026. The parties should not expect any further extensions of this deadline absent a detailed showing, dating back to the service of the FAC on Artisan Floors, sufficient to establish diligence and good cause. The parties are further advised that future stipulations that are not filed at least five business days prior to the expiration of the scheduled date may be denied summarily without further explanation by the court. *See* Dkt. 23 at 17–18.

IT IS SO ORDERED.

Dated: October 2, 2026

FERNANDO L. AENLLE-ROCHA
United States District Judge