Scott M. Lowry (CA Bar No. 244,504)
scott@lawlb.com
**LOWRY BLIXSETH APC**
30423 Canwood Street, Suite 215
Agoura Hills, CA 91301
818.584.6460
818.574.6026 (fax)
*AND*
John W. McIlvaine (*admitted PHV*)
jmcilvaine@webblaw.com
Anthony W. Brooks (*admitted PHV*)
abrooks@webblaw.com
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
*Attorneys for Plaintiff i4F Licensing N.V.*

Mingbo Ye (CA Bar No. 363107)
mye@myiptrustlaw.com
Li Liu (CA Bar No. 362408)
sharon@myiptrustlaw.com
**MY IP & TRUST LAW, PLLC**
12603 Southwest Fwy, Suite 210
Stafford, TX 77477
832.462.0087
*Attorneys for Defendant Zhejiang Eco New Material Co., Ltd.*

Narek Zohrabyan (CA Bar No. 290385)
nzoh@philip.law
**PHIL IP LAW INC.**
500 North Brand Blvd., Suite 1690
Glendale, CA 91203
619.929.0606
*Attorney for Defendant Artisan Floors Corporation*

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

I4F LICENSING N.V.,

Plaintiff,

v.

CHANGZHOU SUBILI NEW MATERIALS CO., LTD.; ZHEJIANG ECO NEW MATERIAL CO., LTD; and ARTISAN FLOORS CORPORATION,

Defendants.

Case No. 2:26-cv-04985-FLA-BFMx

**JOINT RULE 26(f) REPORT**

Judge: Hon. Fernando L. Aenlle-Rocha
Mag.: Hon. Brianna Fuller Mircheff

Scheduling Conference:
Date: November 20, 2026
Time: 1:00 p.m.
Courtroom: 6B

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's Order Setting Scheduling Conference (Dkt. No. 40), Plaintiff i4F Licensing N.V. ("Plaintiff") and Defendants Zhejiang Eco New Material Co., Ltd ("Eco") and Artisan Floors Corporation ("Artisan") hereby submit this Joint Rule 26(f) Report.

**a. <u>STATEMENT OF THE CASE</u>**

***i. <u>Plaintiff's Statement:</u>***

This is a patent infringement action in which Plaintiff asserts that Defendants Changzhou Subili New Materials Co., Ltd. ("Subili"), Eco, and Artisan infringe certain claims of United States Patent Nos. 11,091,918 (the "'918 Patent"); 11,794,396 (the "'396 Patent"); and 12,427,753 (the "'753 Patent") (collectively, the "Patents-in-Suit"). The Patents-in-Suit are owned by Plaintiff and relate to composite flooring products and methods of manufacturing such products. Plaintiff alleges that Defendants infringe the Patents-in-Suit through the manufacture, importation, sale, and offer for sale of accused flooring products (the "Accused Products"). Plaintiff seeks damages and injunctive relief.

***ii. <u>Defendants' Statement:</u>***

Artisan and Eco deny infringement of the Patents-in-Suit and contend that the asserted patent claims are invalid. They further raise affirmative defenses, including failure to state a claim and limitations on damages. Eco also preserves its defense of lack of personal jurisdiction, disputes its alleged affiliation with Subili, and challenges Plaintiff's standing to assert the '918 Patent. Eco has asserted counterclaims seeking declaratory judgments of noninfringement and invalidity of the Patents-in-Suit.

**b. <u>SUBJECT MATTER JURISDICTION</u>**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claims arise under the patent laws of the United States, specifically 35 U.S.C. § 271 et seq.

**c. LEGAL ISSUES**

The principal legal issues in this case include the construction of the asserted patent claims; whether Defendants infringe any valid claim of the Patents-in-Suit; and whether the asserted claims are valid and enforceable. Additional issues include the effective priority dates of the asserted claims, Plaintiff's standing to assert the '918 Patent, and the availability of injunctive relief and enhanced damages.

**d. PARTIES, EVIDENCE, ETC.**

***i. Parties and Corporate Affiliations***

Plaintiff is a Belgian company whose parent company is i4F Group N.V., a Dutch company. No publicly held corporation owns 10% or more of Plaintiff's stock.

Defendant Artisan is a California corporation with no parent corporation. No publicly held corporation owns 10% or more of Artisan's stock.

Eco is a Chinese company that holds a 60% equity interest in its subsidiary Zhejiang Eco Intelligent Manufacturing Co., Ltd., and a 100% equity interest in each of its two other subsidiaries, Tongxiang Xinyi Import & Export Co., Ltd. and Zhejiang Yihui Energy Technology Co., Ltd.

Defendant Subili is a Chinese company whose corporate affiliations have not yet been confirmed.

***ii. Percipient Witnesses***

The parties anticipate that percipient witnesses will include employees and representatives of the parties with knowledge of the Patents-in-Suit, the development and manufacture of the Accused Products, their importation and sale in the United States, and the parties' licensing activities. Additional witnesses may be identified through discovery.

***iii. Key Documents and Evidence***

Key documents and evidence are expected to include the Patents-in-Suit and their prosecution histories; documents concerning the design, development, manufacture, and composition of the accused flooring products; product samples and

technical specifications; documents concerning the importation, marketing, and sale of the Accused Products in the United States; and licensing agreements and related financial records.

**e. DAMAGES**

***i. Plaintiff's Statement***

Plaintiff seeks damages, including reasonable royalties, enhanced damages for willful infringement, costs, and attorneys' fees. Plaintiff has not yet had the opportunity to conduct discovery concerning Defendants' sales and inventory of the Accused Products and therefore cannot reasonably estimate the full extent of its damages at this stage. Plaintiff reserves the right to supplement its damages theories and estimates as discovery proceeds.

***ii. Defendants' Statement***

Artisan and Eco deny that Plaintiff is entitled to any damages or other monetary relief. They further contend that any recovery is subject to applicable statutory limitations, including those set forth in 35 U.S.C. §§ 286 and 287. Defendants reserve the right to supplement their damages positions as discovery proceeds.

**f. INSURANCE**

The Parties are not aware of any insurance coverage applicable to the claims or defenses in this action.

**g. MOTIONS**

Plaintiff anticipates filing a motion under Federal Rule of Civil Procedure 4(f)(3) seeking authorization for alternative service on Subili following an unsuccessful attempt at service under the Hague Service Convention. Plaintiff may also file motions to compel depending on Defendants' responses to discovery requests. The Parties do not presently anticipate motions to add parties, amend pleadings, or transfer venue.

**h. DISPOSITIVE MOTIONS**

The Parties anticipate filing motions for summary judgment and motions to exclude expert testimony following fact and expert discovery. No dispositive or partially dispositive issues are believed to be appropriate for decision at this time.

**i. <u>MANUAL FOR COMPLEX LITIGATION</u>**

The Parties do not believe this case is sufficiently complex to warrant utilizing the procedures of the Manual for Complex Litigation.

**j. <u>STATUS OF DISCOVERY</u>**

The Parties have not yet commenced formal discovery, but intend to open the discovery period upon the service of initial disclosures noted below. Plaintiff previously requested that Eco permit an audit of its books and inventory records by an independent accounting professional to facilitate settlement discussions. Although the Parties have agreed in principle to the proposed audit, Eco has not yet provided the requested access. During the Rule 26(f) conference, Plaintiff advised Eco's counsel that, absent voluntary cooperation, Plaintiff intends to pursue the information sought in the audit through formal discovery and may move to compel if necessary.

**k. <u>DISCOVERY PLAN</u>**

The Parties agree to exchange initial disclosures by **<u>December 4, 2026</u>**.

The Parties anticipate conducting written discovery, document production, fact depositions, and expert discovery. Given the involvement of foreign parties and witnesses, the Parties anticipate that cooperation will be necessary to coordinate discovery outside the United States and will confer in good faith regarding such discovery.

The Parties do not presently anticipate significant issues concerning electronically stored information or propose conducting discovery in phases. The following discovery limitations have been agreed upon:

- 50 Requests for Production;
- 50 Requests for Admission; and
- 10 Fact Depositions per side.

Interrogatories and expert depositions will be governed by the Federal Rules of Civil Procedure.

**l. DISCOVERY CUT-OFF**

The Parties propose **February 25, 2028**, as the deadline for completion of fact discovery, including resolution of all discovery motions.

**m. EXPERT DISCOVERY**

The Parties propose **March 30, 2028**, as the deadline for completion of expert discovery.

**n. SETTLEMENT CONFERENCE / ALTERNATIVE DISPUTE RESOLUTIONS ("ADR")**

The Parties have not exchanged written settlement proposals, and settlement negotiations are ongoing pending completion of the audit discussed above in Section j. During the Rule 26(f) conference, the parties discussed that mediation may be more productive after claim construction. The Parties are open to ADR Procedure No. 1 (Magistrate Judge).

**o. TRIAL ESTIMATE**

The Parties request a jury trial and estimate that trial will require 5-6 days.

**p. TRIAL COUNSEL**

John W. McIlvaine and Anthony W. Brooks of The Webb Law Firm will appear as lead trial counsel for Plaintiff. Mingbo Ye will appear as lead trial counsel for Eco. Narek Zohrabyan will appear as lead trial counsel for Artisan.

**q. INDEPENDENT EXPERT OF MASTER**

The Parties do not presently anticipate the need for a court-appointed independent expert or special master.

**r. SCHEDULE WORKSHEET**

The Parties' proposed Schedule of Pretrial and Trial Dates Worksheet is attached with this Joint Rule 26(f) Report as Exhibit A.

**s. OTHER ISSUES**

The Parties agree that service of documents by email in lieu of postal mail is acceptable. The Parties further agree to enter into a stipulated protective order to be filed with the Court.

Respectfully submitted,

**THE WEBB LAW FIRM**

s/ *Anthony W. Brooks*
John W. McIlvaine (*admitted PHV*)
jmcilvaine@webblaw.com
Anthony W. Brooks (*admitted PHV*)
abrooks@webblaw.com
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
*AND*
Scott M. Lowry (CA Bar No. 244,504)
scott@lawlb.com
**LOWRY BLIXSETH APC**
30423 Canwood Street, Suite 215
Agoura Hills, CA 91301
818.584.6460
818.574.6026 (fax)
*Attorneys for Plaintiff i4F Licensing N.V.*

**MY IP & TRUST LAW, PLLC**

s/ *Mingbo Ye*
Mingbo Ye (CA Bar No. 363107)
mye@myiptrustlaw.com
Li Liu (CA Bar No. 362408)
sharon@myiptrustlaw.com
12603 Southwest Fwy, Suite 210
Stafford, TX 77477
832.462.0087
*Attorneys for Defendant Zhejiang Eco New Material Co., Ltd.*

**PHIL IP LAW INC.**

s/ *Narek Zohrabyan*
Narek Zohrabyan (CA Bar No. 290385)
nzoh@philip.law
500 North Brand Blvd., Suite 1690
Glendale, CA 91203
619.929.0606
*Attorney for Defendant Artisan Floors Corporation*

Dated: November 6, 2026

**ATTESTATION**

Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

**THE WEBB LAW FIRM**

Dated: November 6, 2026

s/ *Anthony W. Brooks*
Anthony W. Brooks

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2026, I electronically filed the foregoing **JOINT RULE 26(f) REPORT** with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

**THE WEBB LAW FIRM**

s/ *Anthony W. Brooks*
Anthony W. Brooks